IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ROBERT ISMAEL LOPEZ RODRIGUEZ** **On his own behalf and through his next friend, his sister in law, Monica Alvarenga** Plaintiff/Petitioner v. **KEVIN K. MCALEENAN,** **Acting Secretary, U.S. Department of Homeland Security and Commissioner, United States Customs & Border Protection,** **JOHN P. SANDERS ,** **Acting Commissioner of CBP,** **CARLA PROVOST,** **Acting Commissioner of CBP,** **RODOLFO KARISCH,** **Chief Patrol Agent- Rio Grande Valley Sector, and** **MICHAEL J. PITTS** **Field Office Director, ICE/ERO, Brooks County Detention Center** Defendants/Respondents | |

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**TO THE HONORABLE COURT:**

**NOW COMES**, **ROBERT ISMAEL LOPEZ RODRIGUEZ** (hereinafter: "Mr. Rodriguez"), on his own behalf and through his next friend, sister in law, Monica Alvarenga, by and through the undersigned attorney, allege and prays as follows:

**JURISDICTION AND VENUE**

1. Mr. Rodriguez hereby files this **PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** seeking declarations under 28

U.S.C. § 1331, 28 U.S.C. §2201, 28 U.S.C.§1361 and Administrative Procedure and Declaratory Judgment Acts, as well as Rule 57 of Federal Civil Procedure.

2. Venue is proper in this district since Monica Alvarenga lived in Houston, Texas and defendants are officers and employees of the United States of America, this according to 28 U.S.C. §1391(e)(1)(C).

## PARTIES

3. **Robert Ismael Lopez Rodriguez**, is an alien detainee whose location has not been disclosed by Defendants, and who as a result, has not been afforded the right to be represented by counsel.

4. **Kevin K. McAleenan** is the duly appointed acting Secretary of the U.S. Department of Homeland Security and duly appointed Commissioner of the United States Customs and Border Protection. He is sued in his official capacity only.

5. **John P. Sanders** is the Acting Commissioner of CBP. He is named in his official capacity only.

6. **Carla Provost** is the duly appointed Chief of the United States Border Patrol, and is being sued in her official capacity only.

7. **Rodolfo Karisch** is the the duly appointed Chief Patrol Agent – Rio Grande Valley Sector and is being sued in his official capacity only.

**8.** **Michael J. Pitts,** is the duly appointed Field Office Director – Brooks County Detention Center – ICE/ERO and is being sued in his official capacity.

## FACTS

9. Mr. Rodriguez is a citizen of El Salvador born on October 07, 1999. He entered the United States through the Mexico/Texas border on or about September 19, 2019.

10. On September 19, 2019, Mr. Rodriguez was detained by CBP while crossing the border.

11. On said date, at approximately 11:30PM, Mr. Rodriguez was able to contact his next friend, Monica Alvarenga via telephone.

12. This was the last direct contact Mr. Rodriguez has been afforded with his family.

13. Multiple attempts have been made to aquire more information. These attempts proved fruitless until September 21, 2019 when Mr. Rodriguez's family was informed that he was detained in Brooks County Detention Center.

14. Later, on September 23, 2019, Mr. Rodriguez's family was informed he was no longer detained there. However, no further information was provided.

15. As it stands, CBP has failed to provide any information which would allow Mr. Rodriguez's family to locate him. He does not appear on the Immigration and Customs Enforcement Detainee Locator.

16. As a result of Defendant's failure to properly process Mr. Rodriguez, he has been denied the opportunity to consult with counsel.

## FIRST CAUSE OF ACTION

### Administrative Procedures and Declaratory Judgment Acts

17. Mr. Rodriguez incorporates by reference all previous paragraphs.

18. As provided by 5 U.S.C. §706. **Scope of review**

    *To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of the agency action. The reviewing court shall:*

    *(1) [...]*

    *(2) hold unlawful and set aside agency action, findings, an conclusions found to be-----*

    *(A) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law;*

  (B) contrary to constitutional right, power, privilege, or immunity;

  (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

  (D) without observance or procedure required by law;

  (E) unsupported by substantial evidence in a case subject to sections 556 and 557 if this title or otherwise review on the record of an agency hearing provided by statute; or

  (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

19. The decision by Defendants to continue the detention of a given detainee, and refuse to disclose his wherabouts, rather than releasing him/her with an electronic tracking devices, as was the practice in prior years, or transferring him/her to the custody of ICE, in order so that they be moved to actual detention centers, is a final agency action within the meaning of 5 U.S.C. §704, for which there is no other adequate remedy in a court. Such actions therefore are subject to judicial review.

20. Pursuant to 5 U.S.C. §706, this Court therefore is urged to issue a Declaratory Judgment, declaring such agency unlawful, on the grounds that they are: (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

## SECOND CAUSE OF ACTION

### MANDAMUS

21.  Mr. Rodriguez incorporates by reference all previous paragraphs.

22.  28 U.S.C. §1361 reads as follow:

  *The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.*

23. In the alternative, should the Court determine that full relief cannot be afforded under the above causes of action, Mr. Rodriguez asserts that he should be entitled to a writ of mandamus, ordering Defendants to disclose Mr. Rodriguez's present whereabouts. Mr. Rodriguez asserts that, in his case, under the Due Process Clause of the Fifth Amendment: (1) he would have a clear right to relief, (2) the Defendants would have a clear duty to act, and (3) no other adequate remedy would exist. See, *Samirah v. Holder, 627 F.3d 652 (7th Cir 2010) , and Sia Ass'n of Bay Area v. U.S., 849 F. Supp. 2D 916, 923-25. (N.D. Cal. 2012)*.

24. Mr. Rodriguez has the right to have his location disclosed, and be placed in proper removal proceedings so that he may seek the advice of counsel on how to best pursue his immigration case.

### THIRD CAUSE OF ACTION

### WRIT OF HABEAS CORPUS

25. Mr. Rodriguez incorporates by reference all previous paragraphs.

26. Mr. Rodriguez's detention, without access to counsel, violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and other legal rights, giving rise to causes of action in habeas corpus. See Nunez v. Boldin, supra.

27. It is therefore urged that this Honorable Court issue a Writ of Habeas Corpus, ordering that the named Plaintiff's location be disclosed and either be immediately released with an electronic tracking device, or that reasonable bond, not to exceed $2,500, be set.

### REQUEST FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

28. Mr. Rodriguez incorporates by reference all previous paragraphs.

29. On information and belief, it is alleged that the named Plaintiff have well-founded fear of returning to their country of origin for reasons which sound in asylum. They have been denied

access to legal counsel, and prejudiced from such denial in that they have not had the opportunity to apply for asylum.

30. As such, Plaintiff have shown by clear and convincing evidence that it would be unconstitutional and prohibited as a matter of law to execute any order of expedited removal against the Plaintiff without first allowing them access to counsel and a meaningful opportunity to seek any relief from removal for which they may be eligible. See, 8 U.S.C. § 1252(f)(2).

31. Therefore, Plaintiff seeks an order barring his removal from the United States until he has been afforded the opportunity to speak with counsel after his location has been disclosed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

1. Assume jurisdiction over the instant action;

2. Declare unlawful the actions of Defendants in holding Plaintiff without disclosing his location, on the grounds that said actions are contrary to law and violate Due Process;

3. Issue a Temporary Restraining Order, restraining and enjoining Defendants from removing Plaintiff from the United States and from not releasing them either on a reasonable bond (not to exceed $2,500), or with an electronic monitoring device;

4. It is further urged that the Court set the case for a hearing on the motion for preliminary injunction at the Court's earliest convenience.

5. It is further urged that the Court grant such order and further relief as the Court deems appropriate and just, including an award of court costs and attorneys fees.

Respectfully submitted,

/s/ Manuel Solis
Manuel Solis, Attorney
Law Offices of Manuel Solis
P.O. Box 230529

Houston, Texas 77223-0529
Federal ID: 36113
State Bar No: 18826790

## CERTIFICATE OF SERVICE

I hereby certify that a courtesy copy of the foregoing was this date served by email to Christopher Pineda, AUSA, at christopher.pineda@usdoj.gov.

/s/ Manuel Solis